UNITED STATES DISTRICT COURT RECEIVED
DISTRICT OF SOUTH CAROLINA USDC CLERK. CHARLESTON. SC

2006 JUL -6  A 7: 31

Anthony Bernard Spinks, #15358-018,                    ) C/A No. 2:06-1874-MBS-RSC
                                                        )
                              Plaintiff,                )
                                                        )  Report and Recommendation
v.                                                      )
                                                        )
Fiscal Responsibility Department of the United States   )
District Court, Eastern District of Pennsylvania        )
Philadephia, PA,                                        )
                                                        )
                              Defendant(s).             )
                                                        )

This is a <u>Bivens</u> case[1] filed *pro se* by a federal prison inmate incarcerated at FCI-

Estill in South Carolina.[2]  In his Complaint, Plaintiff states that he brings this cause of action

pursuant to 28 U.S.C. § 1331 (Federal Questions Jurisdiction), 28 U.S.C. § 1343 (Civil

Rights Jurisdiction) and 28 U.S.C. § 1367 (Supplemental Jurisdiction).  Plaintiff also states

that "at all material times [he] is a resident of the United States, formerly residing in

Kissimee, Florida; though he defended a federal indictment in Philadelphia, Pennsylvania

19106-1797."  (Entry 1, Complaint, at 2.)

Plaintiff alleges that the Defendant is responsible for the loss of his legal documents

in Pennsylvania.  He claims that he discovered this loss when he requested copies of: (1)

his prior habeas petitions; (2) any magistrate's reports regarding his habeas petitions; (3)

---

[1] *See* <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 397 (1971).
In <u>Bivens</u>, the Supreme Court established a direct cause of action under the Constitution of the United States
against federal officials for the violation of federal constitutional rights.  A <u>Bivens</u> claim is analogous to a claim
under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act
under color of *state* law.  *See* <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 814-20 & n. 30 (1982).  Case law involving
section 1983 claims is applicable in <u>Bivens</u> actions and *vice versa*.  *See* <u>Farmer v. Brennan</u>, 511 U.S. 825
(1994); *see also* <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 530 (1985); <u>Turner v. Dammon</u>, 848 F.2d 440, 443-44 (4th
Cir. 1988); <u>Osabutey v. Welch</u>, 857 F.2d 220, 221-23 & n. 5 (4th Cir. 1988); <u>Tarantino v. Baker</u>, 825 F.2d 772,
773-75 & n. 2 (4th Cir. 1987).

[2] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is
authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to
the District Court.  *See also* 28 U.S.C. § § 1915(e); 1915A .

any district court orders regarding his habeas petitions; and (4) his § 3582(c)(2) filings in 2005. Plaintiff states that these documents are necessary for a case he has pending before the Third Circuit Court of Appeals.  Plaintiff claims that his family paid $50 to the U.S. District Court for the Eastern District of Pennsylvania to cover the cost of the requested copies, but the Defendant notified Plaintiff that his documents were "lost" and that he should begin his litigation in that district court again.  Plaintiff seeks compensatory and punitive damages.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case.  This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents:   Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F. 2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  *See* Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).

Assuming Plaintiff's allegations to be true, Plaintiff's Complaint fails to reveal any

2

basis for this Court to obtain personal jurisdiction over the Defendant. Plaintiff is suing a Pennsylvania Defendant under federal question jurisdiction for problems with court records maintained in Pennsylvania. Accordingly, it is the recommendation of the undersigned that this case be transferred in the interests of justice to the United States District Court for the Eastern District of Pennsylvania for further handling. *See* 28 U.S.C. § 1406(a); *see also* Goldlawr v. Heiman, 369 U.S. 463 (1962); Porter v. Groat, 840 F.2d 255 (4th Cir. 1988); Glaxo Inc. v. Genpharm Pharmaceuticals, Inc.,796 F. Supp. 872, 877 (E.D.N.C. 1992).

A bedrock requirement in any civil action is that the district court in which a Complaint is brought shall have personal jurisdiction over the person(s) of the defendant(s). Rule 4(e) Federal Rules of Civil Procedure ("Service Upon Individuals Within a Judicial District of the United States") by its own title suggests that persons outside a given judicial district cannot be brought into that district court. The Rule, however, allows application of so-called state "long arm" statutes:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
>> (1) *pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State*; or
>>
>> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e)(emphasis added).

Under the applicable South Carolina long arm statute, S.C. Code Ann. § 36-2-803

3

("Personal jurisdiction based upon conduct"),[3] nonresidents may be served and subjected to state court jurisdiction only where certain limited types of facts are presented in a case. None of those types of facts are presented in this case.

Under the facts alleged in Plaintiff's Complaint, the only Defendant named in this case is a federal governmental entity located in Pennsylvania, and all of the actions giving rise to Plaintiff's claims appear to have taken place in Pennsylvania. In short, it is clear that the federal court of Pennsylvania is the proper forum in which to adjudicate the claims raised in this Complaint against a Defendant located in Pennsylvania. As a result, the interests of justice require this Court to transfer this case to the United States District Court that can obtain personal jurisdiction over the Defendant and thereby avoid any procedural complications that may be wrought by dismissal of the case for lack of jurisdiction. *See* Robbins v. Yutopian Enters., 202 F. Supp.2d 426, 430-31 (D. Md. 2002); *see also*

---

[3]      (1) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's

(a) transacting any business in this State;
(b) contracting to supply services or things in the State;
(c) commission of a tortious act in whole or in part in this State;
(d) causing tortious injury or death in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this State; or
(e) having an interest in, using, or possessing real property in this State; or
(f) contracting to insure any person, property or risk located within this State at the time of contracting; or
(g) entry into a contract to be performed in whole or in part by either party in this State; or
(h) production, manufacture, or distribution of goods with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed.

(2) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him....

S.C.Code Ann. § 36-2-803.

4

Robertson v. Northcutt, 850 F.2d 690, *2 (4th Cir., June 23, 1988)(unpublished opinion, text in Westlaw)(statute of limitations; preserving filing date is better served by transfer to more appropriate district than by dismissal). Furthermore, transferring the case is in keeping with the ultimate goal of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds. *See* Goldlawr, 369 U.S. at 466-67; Dubin v. United States, 380 F.2d 813, 815 (5th Cir. 1967). No ruling on the merits of this case has been made in connection with this recommendation for transfer as such ruling is more appropriately within the authority of the United States District Court for the Eastern District of Pennsylvania to make. *See generally* 15 Wright, Miller & Cooper, Federal Practice and Procedure, § 3827, at 268-74 (1986).

## Recommendation

Accordingly, it is recommended that the District Court transfer this case to the United States District Court for the Eastern District of Pennsylvania without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

July 5 ,2006
Charleston, South Carolina

5

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So

      The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* <u>Mathews v. Weber</u>, 423 U.S. 261, 270-71 (1976); <u>Estrada v. Witkowski</u>, 816 F. Supp. 408, 410 (D.S.C. 1993).

      During the period for filing objections, <u>but not thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* <u>Keeler v. Pea</u>, 782 F. Supp. 42, 43-44 (D.S.C. 1992); <u>Oliverson v. West Valley City</u>, 875 F. Supp. 1465, 1467 (D. Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); <u>Wright v. Collins</u>, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  *See* <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* <u>Praylow v. Martin</u>, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In <u>Howard,</u>, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* <u>Lockert v. Faulkner</u>, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* <u>Branch v. Martin</u>, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); <u>Goney v. Clark</u>, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.**  *See* <u>Wright v. Collins</u>; <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16 (2d Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
