IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Bernard Spinks, #15358-018, ) | |
| ) | C/A No.: 2:06-1874-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Fiscal Responsibility Department of the ) | **O R D E R** |
| United States District Court, Eastern ) | |
| District of Pennsylvania, Philadelphia, ) | |
| PA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

  Plaintiff Anthony Bernard Spinks is an inmate in custody of the Federal Bureau of Prisons. He currently is housed at FCI-Estill in Estill, South Carolina. Plaintiff brings this action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), asserting that Defendant is responsible for losing legal documents that he had filed in the United States District Court in Philadelphia, Pennsylvania.

  In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996. On July 6, 2006, the Magistrate Judge filed a Report and Recommendation in which he determined that the court lacks personal jurisdiction over Defendant. <u>See</u> Fed, R Civ. P 4(e). The Magistrate Judge therefore recommended that the case be transferred to the United States District Court for the Eastern District of Pennsylvania. Plaintiff filed objections to the Report and Recommendation on July 20, 2007.

  The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff objects to the Magistrate Judge's Report on the ground that it would be more convenient for his case to be heard in South Carolina. However, as the Magistrate Judge correctly noted, the court lacks personal jurisdiction over Defendant. A federal court sitting in diversity has personal jurisdiction over a nonresident defendant if (i) an applicable long-arm statute confers jurisdiction; and (ii) the assertion of that jurisdiction is consistent with constitutional due process. Booth v. Leaf, 40 F.3d 1243 *1 (4th Cir. 1994) (citing cases)(unpublished). South Carolina's long-arm statute, S.C. Code § 36-2-803, has been construed to extend to the limits of due process. Southern Plastics Co. v. Southern Commerce Bank, 423 S.E.2d 128 (S.C. 1992). Section 36-2-803 provides for personal jurisdiction over a person who (1) transacts business in South Carolina, (2) contracts to supply services or things in South Carolina, (3) commits a tort in South Carolina, (4) possesses real property in South Carolina, (4) contracts to insure a person or property in South Carolina, (5) enters into a contract to be performed in South Carolina, or (5) produces, manufactures, or distributes goods in South Carolina. Defendant does not fall within any of these categories. Thus, exercising personal jurisdiction over Defendant would not be consonant with due process.

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. The case is

transferred to the United States District Court for the Eastern District of Pennsylvania without issuance and service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

July 11, 2007.

Columbia, South Carolina

### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**